IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE WAGNER | : | CIVIL ACTION |
| | : | NO. 16-3623 |
| v. | : | |
| | : | |
| SAMSUNG ELECTRONICS | : | |
| AMERICA, INC. et al. | : | |

O'NEILL, J.                                                                   December 13, 2016

**MEMORANDUM**

Plaintiff Rose Wagner, on behalf of a purported class of similarly situated individuals, brings several claims in tort, unfair trade practices and breach of warranty based on her washing machine's alleged malfunction. After a brief period of initial discovery, defendants, Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.,[1] move for summary judgment on plaintiff's tort claims and her unfair trade practices claim and move to dismiss her other counts for failure to state a claim. Considering defendant's motion, Dkt. No 18, plaintiff's response, Dkt. No. 20, and defendant's reply, Dkt. No. 24, I will grant defendant's motion to dismiss two of plaintiff's claims: Count V, which requests declaratory and injunctive relief, because this count does not state an independent cause of action and Count VIII because plaintiff does not pursue her claim for breach of implied warranty. Otherwise, I will deny defendant's motion.

**BACKGROUND**

Plaintiff alleges that in February 2015, she came home to discover that her Samsung washing machine had leaked, causing approximately $25,000 in damages to her home. Compl. ¶ 22. She contacted Lowes and defendant to repair the machine. Compl. ¶ 24. The leak resulted from a broken bracket supporting the machine's discharge pump. Compl. ¶ 22. Lowes replaced

---

[1] For the purposes of this motion, I will refer to both defendants, Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd., collectively as "Samsung" or "defendant."

the machine's broken pump.  Compl. ¶ 25.  The machine apparently now works; however, plaintiff is "concerned about using her washing machine" because the replacement pump is "defective" and "could very likely fail again."  Compl. ¶ 25.

Plaintiff argues the malfunction of her washing machine was ultimately caused by a motor that was too strong for the machine's other parts.  Compl. ¶¶ 7, 30, 32, 152.  "[W]ithin the last few minutes of the machines' spin cycles, the machines can reach speeds up to 1,100 RPM" and as a result of this high-speed spinning "the wash drum becomes detached, and violently strikes the inside of the Washing Machine."  Compl. ¶ 30.  The design of the machine is such that the detached drum strikes and breaks the bracket that supports discharge pump, which causes the machine to leak water and flood the consumer's home.  Compl. ¶ 30.

Plaintiff seeks to assert her claims on behalf of a class of those similarly situated, alleging that many others have experienced similar defects.  Compl. ¶ 71–82.  In support, she points to consumer complaints posted on Internet forums describing symptoms similar to hers and to a news story documenting consumer experiences.  Compl. ¶¶ 36, 37.  This is also the basis for jurisdiction in this court:  plaintiff alleges defendant sold thousands of defective machines, Compl. ¶ 5, and that the defective machines can cause damages of $25,000, in satisfaction of the jurisdictional requirements of the Class Action Fairness Act.  28 U.S.C. § 1332(d)(2); Compl. ¶¶ 16, 22.

Plaintiff claims defendant knew about its machines' defects as early as 2011, at least a year before plaintiff purchased her machine.  Compl. ¶ 2.  She offers the following allegations in support of this claim:  that consumers complained on Internet forums, Compl. ¶ 36; that defendant issued service bulletins describing how to repair drain pumps, Compl. ¶ 51; that defendant changed the position of the drain pump in May 2013, Compl. ¶52; and that defendant

knew that the Consumer Product Safety Commission recalled over 450,000 of another company's washing machines in December 2012 after "consumers submitted several hundred complaints for excessive vibration during the washing machines' spin cycle, which caused property damage and personal injuries."  Compl. ¶¶ 54, 55, 58.  She also alleges, "upon information and belief," that numerous consumer complaints and defendant's own internal testing procedures would have made the company aware of the defects.  Compl. ¶¶ 38, 47.

Despite defendant's knowledge of the defects, it represented to consumers that the machines were not defective.  Defendant claimed in its 2011 technological annual report that its machines were "recognized in the global market for technological excellence," Compl. ¶ 3, and made other claims about the machines' efficacy in the machines' "use and care" guides.  Compl. ¶¶ 27–29.

As revealed in initial, limited discovery, plaintiff sought compensation for $18,136.43 worth of damage under her home insurance policy with Cumberland Group Insurance Company.  Dkt. No. 20 at ECF p. 24 (Wagner Decl.) ¶ 3.  She initially received $17,136.43—the amount she claimed minus her policy's $1,000 deductible.  Wagner Decl. ¶ 3.  Subsequently, Cumberland subrogated her claim with defendant, settling the claim for $16,675.36 and releasing defendant of all liability for plaintiff's washing machine incident.  Dkt No. 18-2 (Kelly Decl.) ¶ 3; Kelly Decl. Ex. B ("Release of All Claims").  Defendant then sent plaintiff a check for $612.96, partially reimbursing her for her deductible.  Wagner Decl. ¶ 4.  Plaintiff now has uncompensated damages of $387.04.  Wagner Decl. ¶ 6.

## DISCUSSION

### I.      Summary Judgment on Claims I–IV and VI

The party moving for summary judgment bears the burden of demonstrating that "there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the defendant moves for summary judgment on the basis of an affirmative defense, it would bear the burden of proof at trial and therefore it must "show that it has produced enough evidence to support the findings of fact necessary to win" on summary judgment. El v. Se. Pa. Transp. Auth., 479 F.3d 232, 237 (3d Cir. 2007).  If the movant sustains its burden, the nonmovant must set forth facts demonstrating the existence of a genuine dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).  "[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

Defendant argues that I should grant summary judgment in its favor on plaintiff's tort law claims (Counts I–IV) and her unfair trade practices claim (Count VI).  I am not convinced by either of defendant's arguments.  First, I cannot hold that plaintiff's claims are precluded absent more evidence pertaining to the circumstances of plaintiff's insurer's release.  Second, I hold that the economic loss doctrine does not bar her claims because she requests damages to property, not to the purchased product.  Therefore, I will not grant summary judgment for defendant on any of plaintiff's claims.

### A.     The Effect of Plaintiff's Insurer's Release

Defendant argues that summary judgment should be granted on plaintiff's tort and unfair trade practices claims (Counts I–IV and VI) because plaintiff's insurer, which stood in plaintiff's shoes as her subrogee and asserted her rights against defendant, released defendant of all liability for the washing machine incident.  Defendant argues that this release precludes plaintiff's claims.  However, defendant has not submitted evidence that is relevant to this determination, including: the terms of plaintiff's insurance policy; whether plaintiff was aware of her insurer's negotiation with defendant and had an opportunity to intervene; or the circumstances under which plaintiff accepted the partial reimbursement for her deductible.[2]  Defendant rests on the fact of the release alone to argue that plaintiff's claims are precluded.  In the absence of evidence relevant to its defense of claim preclusion, defendant has not shown that it is entitled to judgment as a matter of law.

### B.     The Economic Loss Doctrine and Plaintiff's Tort Claims

Defendant's arguments that plaintiff's claims in tort (Counts I–IV) and unfair trade practices (Count VI) are barred by the economic loss doctrine do not succeed because plaintiff seeks compensation for damage to other property.  The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract."  Werwinski v. Ford Motor Co., 286 F.3d 661, 671 (3d Cir. 2002).  Recovery for damage to a product flows from contract because it is "precisely that which a warranty action . . . redress[es]."  Id., quoting REM Coal Co. v. Clark Equip. Co., 563 A.2d 128, 129 (Pa Super. Ct.

---

[2] Defendant has not shown that plaintiff authorized her insurer to recover on her claim. See Stahl v. Hilderhoff, 247 A.2d 582 (Pa. 1969) and Spinelli v. Maxwell, 243 A.2d 425 (Pa. 1968) (allowing that an insurer's assertion of plaintiff's claims can preclude her from asserting those claims later under the doctrine of res judicata where the plaintiff authorized the insurer to so assert); see also Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 281 (3d Cir. 2014) ("[W]e apply res judicata and claim preclusion as a consequence of settlement agreements . . . .'").

1989).  But when a product causes damage to other property, tort law and Pennsylvania's unfair trade practices law provide remedies.  2-J Corp. v. Tice, 126 F.3d 539, 542 (3d Cir. 1997).  Here, plaintiff claims damages not to the washing machine she purchased but to her home by flooding.  Compl. ¶ 22.  Therefore, defendant has not shown that the economic loss doctrine bars her claims.

Because neither of defendant's arguments for summary judgment are persuasive, I will deny summary judgment on Counts I–IV and V.  However, I do so without prejudice to defendant filing a subsequent motion for summary judgment after the exchange of additional discovery relevant to the preclusive effect of plaintiff's insurer's release.

**II.     Motion to Dismiss All Claims**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true."  Id. (citations omitted).  This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.  Id. at 556. quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 679.  A complaint must "show" the plaintiff's entitlement to relief with its facts.  Id., citing

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

Defendant argues that I should dismiss plaintiff's claims for injunctive and declaratory relief (Count V), unfair trade practices (Count VI), breach of express warranty (Count VII) and breach of implied warranty (Count VIII). I will dismiss plaintiff's implied warranty claim because she declines to pursue it. Dkt. No. 20 (Pl.'s Br.) at 7 n.4. I hold that plaintiff's claim for injunctive and declaratory relief is not based on a separate cause of action and so I will dismiss it. I will deny the remainder of defendant's motion to dismiss, as plaintiff has adequately pled her other claims.

### A. Injunctive and Declaratory Relief

Plaintiff requests, in a separate count, "Injunctive and Declaratory Relief." Compl. ¶ 35 (Count V). Defendant seeks to dismiss this count and I agree. Injunctive relief is a remedy and cannot be grounds for a separate claim. So too is declaratory relief, which is authorized by the Declaratory Judgment Act, 22 U.S.C. § 2201. A court's powers under that Act are "remedial . . . only." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1238 (3d ed. 1998). The Act "neither extends the jurisdiction of the federal courts nor enlarges substantive rights." Id.

> The relief a plaintiff seeks, and the claims he asserts, are . . . conceptually distinct components of a complaint, and there is no need for a plaintiff to devote a separate count of a complaint to a request for a certain type of relief, as [the plaintiff] does in seeking a declaratory judgment . . . .

Kauffman v. Pa. Soc'y for Prevention of Cruelty to Animals, 766 F. Supp. 2d 555, 560 (E.D. Pa. 2011). When a plaintiff includes both a separate count requesting the specific relief and again

7

requests it in her concluding prayer for relief, the count should be dismissed.  Id.  Therefore, in light of plaintiff's request in her prayer for relief for certain declarations, Compl. ¶¶ C, D, I will dismiss Count V as duplicative.

### B. Unfair Trade Practices

Defendant argues plaintiff's claim for unfair trade practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) (Count VI) for deceptive conduct should be dismissed because plaintiff has not shown that defendant knew about any defects before March 2013 when plaintiff purchased her washing machine, as required to show that defendant deceived plaintiff.  Dkt. No. 18-1 at ECF p. 30.  I find that plaintiff has shown knowledge sufficient to allege deceit and thus has stated a claim for unfair trade practices under the UTPCPL.

To state a claim under the UTCPL for deceptive conduct, a plaintiff must show:  1) deception; 2) that plaintiff justifiably relied on the deception; and 3) that plaintiff suffered harm as a result.  Christopher v. First Mut. Corp., No. 05-01149, 2006 WL 166566, at *3 (E.D. Pa. Jan. 20, 2006); Seldon v. Home Loan Servs., Inc., 647 F. Supp. 2d 451 (E.D. Pa. 2009), citing Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004) (discussing the requirements of reliance and harm).  While the third requirement—harm—is clearly met here, defendant argues that plaintiff has not shown either deception or reliance.

#### 1. Deception

In order to show deception, plaintiff must allege that defendant a) knew about the defect, b) made statements or acted in a misleading way with respect to the defect and c) did so to induce plaintiff to buy the product.  Christopher, 2006 WL 166566, at *3, quoting Black's Law Dictionary 406 (6th ed. 1990) (defining "deception") and In re Patterson, 263 B.R. 82, 94

8

(Bankr. E.D. Pa. 2001) (defining "deceptive act"); Bret Binder v. Weststar Mortg., Inc., No. 14-7073, 2016 WL 3762710, at *3 (E.D. Pa. July 13, 2016).  Plaintiff sets forth misleading statements by alleging Samsung claimed in its 2011 technological annual report that its machines were "recognized in the global market for technological excellence," Compl. ¶ 3, and made other claims about the machines' efficacy.  Compl. ¶¶ 27–29.  Plaintiff shows inducement by alleging defendant made these statements "to induce Plaintiff and the Pennsylvania Class members to purchase the Washing Machines containing the defect and to avoid the cost of replacing, repairing, or retrofitting the defective Washing Machines still to be sold."  Compl. ¶ 140.

Plaintiff also plausibly shows defendant's knowledge of the defect.  First, she alleges the existence of complaints about washing machines that precede her purchase of the machine.  Compl. ¶ 36.  Although the alleged complaints that precede her purchase were about a different model, they describe similar symptoms for each model, making it plausible that the same defect exists in both models.  Compl. ¶ 36.  Defendant does not assert that the two models were meaningfully different with respect to the allegedly defective parts such that complaints about those models would not put it on notice of defects in the model plaintiff bought.  Second, plaintiff alleges a major recall of another manufacturer's washing machine after displays of similar symptoms.  Compl. ¶ 54.  She claims this recall occurred before plaintiff's purchase and allegedly put defendant on notice that the machines it was selling also included defective parts.  These two allegations raise the prospect that defendant knew of the alleged defect with respect to the model she purchased "above the speculative level" and "raise[s] a reasonable expectation that discovery will reveal evidence of" defendant's knowledge.  Twombly, 550 U.S. at 555–56.

Defendant points out that many of the fourteen customer reviews plaintiff identifies in her complaint were posted after plaintiff's purchase and therefore do not support plaintiff's

9

UTPCPL claim. Dkt. No. 18-1 at ECF p. 21. Despite this, I nonetheless find that plaintiff's other allegations are sufficient at this stage to show defendant's knowledge.

### 2. Justifiable Reliance

Plaintiff argues she has satisfied the UTPCPL's reliance requirement because she alleges she "purchased her Washing Machine believing that it was properly designed, manufactured, and safe to use in the home," Compl. ¶ 20, and that she did so as a "direct and proximate result of Samsung's concealment of the Defects." Compl. ¶ 10. These allegations are sufficient to show that she justifiably relied on defendant's statements about the quality of its machines. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221 (3d Cir. 2008) (holding that plaintiffs must prove reliance to succeed on a UTPCPL claim).

Because I find defendant's arguments about deception and reliance unavailing, I will deny defendant's motion to dismiss plaintiff's UTCPL claim.

### C. Breach of Express Warranty

The warranty plaintiff purchased with her washing machine provides that the defendant warrants the machine "against manufacturing defects in materials and workmanship for a limited warranty period of . . . Ten (10) years [with regard to the] washing motor part . . . . [Defendant] will repair, replace, or refund this product at our option and at no charge as stipulated herein, with new or reconditioned parts or products if found to be defective during the limited warranty period specified above." Dkt. No. 18-3 (Abrams Decl.) Ex. A at 39.[3] Plaintiff argues, and I

---

[3] Plaintiff does not attach the warranty itself to her complaint but rather describes its contents. Compl. ¶¶ 150, 151, 154, 155. I have the warranty before me because defendant attaches it to its motion to dismiss. I will consider it in evaluating plaintiff's claims because plaintiff has not disputed its authenticity. Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 781 (W.D. Pa. 2000) ("Courts may consider a document that a defendant attaches as an exhibit to a motion to dismiss, provided that its authenticity is undisputed and that plaintiff's claims are based on the document" without converting a motion to dismiss to a motion for summary

agree, that she has stated a claim for breach of express warranty by alleging that defendant did not repair or replace the washing machine's motor despite knowing that it was defective.

Plaintiff successfully alleges that defendant should have repaired or replaced her machine's motor, not just the drain pipe. Defendant's argument that plaintiff "does not allege that any 'motor part' failed or needed replacement," Dkt. No. 24 at ECF p. 11, is incorrect. Plaintiff claims her machine's malfunction was ultimately caused by the motor's overly fast spin speed. Compl. ¶¶ 7, 30, 32, 152. She contends defendant breached the terms of the express warranty because it did not repair or replace her motor despite knowing that the motor was too powerful for the other parts of the machine. Compl. ¶ 155–56. Although to ultimately succeed on her claim plaintiff will have to prove that the motor was defective in material or workmanship and that replacing the drain pipe was not an adequate repair as required by the warranty, at this stage she has sufficiently stated a claim for breach of express warranty.

Contrary to defendant's contention, plaintiff's argument was not rejected by Ray v. Samsung Elecs. Am., Inc., 15 CV 8540, 2016 WL 3406127, at *7 (S.D.N.Y. June 17, 2016). In Ray, the plaintiff alleged similar facts and causes of action to those alleged here, but she had "not pled that the motor in her machine caused her machine's tub to become detached and damage her pump." Id. at *5. Plaintiff here has so alleged. Therefore, I will not dismiss plaintiff's claim for breach of express warranty.

## CONCLUSION

I will grant defendant's motion as to Counts V and VIII and deny it as to plaintiff's other claims.

---

judgment), citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).